Members of the Senate Alabama State House Montgomery, Alabama
Dear Senators:
We have received Senate Resolution 112, which reads:
“BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill, S. 585, a copy of which is attached to this resolution and made a part hereof by reference:
“(1) Is S. 585 a local bill or a general bill? If it is a local bill, is there a violation of Section 106 of the Constitution of Alabama of 1901, relating to advertising a proposed local bill, or a violation of Section 104(14) prohibiting the fixing of the punishment of a crime by a local law?
“(2) If S. 585 is deemed a general bill, do its provisions constitute an unlawful delegation of legislative responsibility in violation of Sections 43 and 44 of the Constitution of Alabama of 1901, regarding the separation of powers and legislative powers?
“RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send sufficient true copies of the pending bill, S. 585, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.”
The copy of Senate Bill 585 forwarded with the resolution reads:
“A BILL
“TO BE ENTITLED
“AÑ ACT
“Authorizing the county commission of any county with a Class III municipality to prohibit, by ordinance, topless, bottomless, or nude dancing for monetary consider *22 ation and to prescribe penalties to enforce the ordinance.
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. The county commission of any county in which a Class III municipality is located may pass an ordinance prohibiting topless, bottomless, or nude dancing for monetary consideration within the boundaries of the county. The ordinance shall be enforced by the sheriff of the county.
“Section 2. A conviction for a violation of an ordinance passed pursuant to Section 1 of this act shall be punished by a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,-000) and imprisonment in the county jail for not more than six months.
“Section 3. This act shall become effective on the first day of the third month following its passage and approval by the Governor, or its otherwise becoming law.”
Senate Bill 585, if enacted, would authorize “[t]he county commission of any county in which a Class III municipality is located [to] pass an ordinance prohibiting topless, bottomless, or nude dancing for monetary consideration within the boundaries of the county.” Class 3 municipalities are those having populations of “not less than 100,000 and not more than 174,999 inhabitants,” “based on the population as certified by the 1970 federal decennial census." Ala.Code 1975, § 11-40-12(a) (emphasis added). Only two cities in Alabama fall within this classification— Huntsville and Montgomery. Alabama Municipal Databook 199S.[1] Therefore, Madison County and Montgomery County are the only two counties that would be affected if Senate Bill 585 were to be enacted.
Amendment 397 to the Alabama Constitution, which amended § 110 of the Constitution,[2] provides as follows:
“A general law is a law which in its terms and effect applies either to the whole state, or to one or more municipalities of the state less than the whole in a class. A general law applicable to such a class of municipalities shall define the class on the basis of criteria reasonably related to the purpose of the law, provided that the legislature may also enact and change from time to time a general schedule of not more than eight classes of municipalities based on population according to any designated federal decennial census, and general laws for any purpose may thereafter be enacted for any such class. Any law heretofore enacted which complies with the provisions of this section shall be considered a general law.
“No general law which at the time of its enactment applies to only one municipality of the state shall be enacted, unless notice of the intention to apply therefor shall have been given and shown as provided in Section 106 of this Constitution for special, private or local laws; provided, that such notice shall not be deemed to constitute such law a local law.
“A special or private law is one which applies to an individual, association or corporation. A local law is a law which is not a general law or a special or private law.
“Act No. 79-263 (House Bill No. 68) entitled ‘An Act to establish eight classes of municipalities, by population, based on the 1970 Federal decennial census’ approved June 28, 1979, and each and every Act of the legislature thereafter enacted referred [sic] or relating to a class of municipalities as established in said Act No. 79-263 are hereby in all things ratified, approved, validated and confirmed as of the date of their enactment, any provision or provisions of the Constitution of Alabama, as amended, to the contrary notwithstanding.”
*23 In Phalen v. Birmingham Racing Comm’n, 481 So.2d 1108, 1116 (Ala.1985), this Court discussed the history underlying the amendment of § 110 and noted:
“The express language of Amendment 397 authorizes general laws applicable to a class containing only one municipality; provided, of course, the bill is advertised pursuant to Article IV, Section 106, of the 1901 Alabama Constitution. Clearly, the amendment authorizes legislation not authorized under Section 110 as interpreted by Peddycoart [v. City of Birmingham, 354 So.2d 808 (Ala.1978) ]. Moreover, Amendment 397 ratified any action of the legislature regarding the eight classes of municipalities established by Act No. 79-263. In effect, the amendment ratified all laws enacted pursuant to this Act as general acts, even though those laws may apply to only one municipality.
“Each appellant argues that a construction of Amendment 397 that permits the passage of general laws applicable to a class containing a single municipality would somehow destroy all distinctions between local and general laws and would permit the wholesale circumvention of Sections 104, 105, and 110 of the Constitution of Alabama. We are of the opinion that this argument is not sound in two respects. First, Amendment 397 does not purport to, and does not, abolish all distinctions between general and local laws. The restrictions applicable to local laws remain vital with respect to laws applicable to the various counties, laws applicable to designated individual municipalities, and laws applicable to other types of geographical regions or political subdivisions less than the entire state. Thus, after the enactment of Amendment 397, the distinction between general and local laws remains vital despite the existence of constitutional provisions which permit the Legislature to enact general laws applicable to a class containing only one municipality.”
(Emphasis added.)
As this Court noted in Phalen, “[t]he restrictions applicable to local laws remain vital [after Amendment 397] with respect to laws applicable to the various counties.” Senate Bill 585 would authorize a county commission to prohibit topless, bottomless, or nude dancing “within the boundaries of the county.” There are 67 counties in Alabama. Ala.Code 1975, § 11-1-1. As previously stated, Senate Bill 585 would apply to only Madison and Montgomery Counties. Therefore, Senate Bill 585 is local in nature. See Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978) (requiring adherence to the “clear meaning” of the constitutional definitions of “general law” and “local law.”)
Article IV, § 104, of the Constitution provides in pertinent part:
“The legislature shall not pass a ... local law in any of the following cases:
[[Image here]]
“(14) Fixing the punishment of crime.”
Although § 1 of Senate Bill 585 would confer on a county commission authority to enact an ordinance prohibiting certain kinds of dancing, the punishment for the violation of such an ordinance would be set by § 2. This constitutes a clear violation of § 104(14) of the Constitution.
Because we have determined that Senate Bill 585 is a local bill and that, if enacted, it would be unconstitutional. under § 104(14), we decline to answer whether there is “a violation of Section 106 of the Constitution ..., relating to advertising a proposed local bill,” and we need not answer your question (2).
TWO QUESTIONS ANSWERED; OTHERS DECLINED.
Respectfully submitted,
PERRY O. HOOPER, Sr. Chief Justice
HUGH MADDOX
RENEAU P. ALMON
JANIE L. SHORES
J. GORMAN HOUSTON, Jr.
MARK KENNEDY
'
RALPH D. COOK
TERRY L. BUTTS
HAROLD SEE Justices

. Huntsville had a population in 1970 of 139,-282. Montgomery had a population in 1970 of 133,386.

. Section 110 provided:
“A general law within the meaning of this article is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole; a special or private law within the meaning of this article is one which applies to an individual, association, or corporation."